# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-50359
Summary Calendar

Uniteed States of America,

*Plaintiff—Appellee*,

*versus*

Juan Ramon Rodriguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-257-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Juan Ramon Rodriguez pled guilty to being a felon in possession of a firearm. He was sentenced to 87 months in prison and three years of supervised release. Now, for the first time on appeal, he challenges a condition of supervised release included in his written judgment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50359

We review for plain error because Rodriguez had an opportunity to object and failed to do so when the district court orally adopted both the presentence report (PSR), which contained the challenged condition, and a court-wide standing order that also listed the challenged condition. *See United States v. Diggles*, 957 F.3d 551, 560-61 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836); *United States v. Grogan*, 977 F.3d 348, 353-54 (5th Cir. 2020). Based on the record, the district court's oral adoption of both the PSR and the standing order satisfied the requirement that the court orally pronounce the conditions of supervised release. *See Diggles*, 957 F.3d at 560; *Grogan*, 977 F.3d at 353–54. We are therefore unpersuaded that Rodriguez has demonstrated any reversible plain error with respect to the challenged condition. *See Diggles*, 957 F.3d at 560; *Grogan*, 977 F.3d at 353–54.

AFFIRMED.